IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In the Matter of the Petition of GRACE OCEAN PRIVATE LIMITED, *et al.*, for Exoneration from or Limitation of Liability | Civ. No. JKB-24-0941<br><br>*IN ADMIRALTY* |

## MEMORANDUM

On April 1, 2024, Petitioners Grace Ocean Private Limited, as Owner of the M/V Dali, and Synergy Marine Pte Ltd, as Manager of the M/V Dali, filed a Petition for Exoneration from or Limitation of Liability (the "Petition") following the March 26, 2024 allision of the M/V Dali with the Francis Scott Key Bridge. (ECF No. 1.) The Court entered an Order Allowing Interim Stipulation for Value and Stipulation for Costs, (ECF No. 7), and a Restraining Order and Order for Issuance of Notice that Claims be Filed, (ECF No. 8). The latter Order set a deadline of September 24, 2024 for persons asserting claims with respect to which the Petition seeks exoneration from or limitation of liability. (*Id.*) That deadline has now passed.[1] By the Court's count, forty-five Claims have been timely filed.[2]

---

[1] On the evening of September 23, 2024, Movants W. E. Cox Claims Group (USA) LLC and W K Webster & Co. Ltd. filed a Motion for Extension of Time for Cargo Interests to File Claims in This Proceeding. (ECF No. 144.) The Court granted in part the Motion, extending the deadline to October 2, 2024 for the "Cargo Interests" represented by Skeen & Kauffman, LLP and/or Hill Rivkins LLP. (ECF No. 153.) The Court set in a Hearing for October 1, 2024, at which it will determine whether any further extension is appropriate. (*Id.*) The deadline was not extended as to any other Claimants. In addition, the Court has received a request from counsel for Claimant Ace American Insurance Company to hold a scheduling conference at the same time as the Motions Hearing on October 1, 2024. (ECF No. 156.) However, the Court will defer holding scheduling discussions until after the parties have conferred and filed a Status Report in accordance with this Memorandum and the accompanying Case Management Order.

[2] With respect to a small number of Claimants, their initial submissions required immediate clarification. The Court docketed a separate order yesterday directing those Claimants to specify which documents constitute their operative Claims or to otherwise clarify their pleadings. (ECF No. 316.) Further, the Court has received a Motion for Leave to Late-File Answer and Claim for Claimant/Respondent, (ECF No. 311), which it will address in a separate Order.

Given the number of parties and the need for organization of this complex litigation, and to ensure that this case is resolved efficiently and expeditiously, the Court will set in a Status and Scheduling Conference for Tuesday, October 29, 2024 at 10:00 a.m. At the Conference, the Court will hear from the parties regarding case management issues and necessary scheduling in this matter. After the Conference, the Court anticipates issuing the next Case Management Order, which will guide further proceedings in the case.

To aid in the discussion at the Conference, the parties will be directed to meet and confer in advance, and then to file a joint Status Report. Counsel for the United States and for the State of Maryland will be directed to convene and facilitate discussions among the Claimants; Counsel for the United States, for the State of Maryland, and for the Petitioners will be directed to facilitate discussions between the Claimants and Petitioners.[3]

At a high level, the Court envisions this litigation first proceeding to a determination of the Petition for Exoneration from and Limitation of Liability before reaching any questions regarding Petitioners' liability as to any individual claim. In other words, the Court plans to proceed in stages: the first stage will involve the resolution of the questions of exoneration and limitation of liability, and the second stage will resolve questions of Petitioners' liability as to any individual Claimants. In the near term, therefore, the Court plans to set deadlines for the filing of any additional responsive pleadings and pre-discovery motions relating to exoneration and limitation of liability. After the resolution of any such preliminary matters, the Court plans to set discovery deadlines. Given the above-described anticipated bifurcation, the Court anticipates that discovery

---

[3] The Court institutes this directive solely for the purpose of promoting efficient and productive discussions between the parties in preparing the Status Report in advance of the first Status and Scheduling Conference, given the large number of Claimants involved. This directive in no way indicates the Court's positions as to whether certain Claims have priority over others or as to which individual attorneys should be appointed to any potential committee of lead or liaison counsel.

will proceed in phases, and that the first phase will focus on issues relevant to determination of the exoneration and limitation allegations. Once discovery with respect to those issues is complete, the Court will set further deadlines associated with the Petition, including a trial on the issues of exoneration and limitation of liability. Only after resolution of the questions of whether Petitioners are entitled to exoneration from or limitation of liability does the Court anticipate setting deadlines relating to discovery and further litigation of Petitioners' liability, and appropriate relief, if any, as to any particular Claimant.

The Status Report and the parties' presentations at the Status and Scheduling Conference must address the following issues:

First, given the large number of Claimants, the Court plans to appoint lead or liaison counsel to speak for Claimants, to the extent permitted by law. The Status Report should address the Court's authority to appoint counsel to such role, and to require other counsel to participate in such an arrangement. Counsel for the Claimants should also meet and confer regarding whom they would jointly propose as lead or liaison counsel, and should be prepared to address that issue during the Conference. Ultimately, the Court envisions selection of a team of "Lead Counsel" on the Claimants' side, with representation thereon of counsel for various categories of Claimants, including but not limited to: government entities, decedents and physically injured persons, private entities claiming economic damages, and cargo interests. The Court will consider well-reasoned contentions in the Status Report that there are other distinct groups of Claimants that warrant representation on this team.

Second, given the complexity of this case, the parties should draft and submit a proposal regarding the litigation phases of this case, including a proposed schedule. The proposal should accommodate the Court's view that questions of exoneration and limitation of liability should be

resolved before determining Petitioners' alleged liability as to any individual claim. The Status Report should identify the types of responsive pleadings or pre-discovery motions that the parties anticipate filing. Proposed scheduling in relation to resolution of exoneration and liability issues (i.e., pre-discovery motions practice, discovery, post-discovery motions practice, and trial) should be detailed and precise. Proposed scheduling as to the ultimate determination of individual claims (and counter and cross claims, if any) should be more general and aspirational, and reflective of the necessity that most individual claims can be addressed only after the substantial questions of exoneration and limitation have first been determined. The proposal should resolve, if possible, the question of whether generalized discovery relating to individual claims and damages should proceed in the near term, simultaneous with discovery relevant to the determination of exoneration and limitation issues, or whether such more generalized discovery should be stayed until exoneration and liability issues have been determined.

Third, in relation to exoneration and limitation issues, the Status Report should address whether any Court-authorized discovery is required in the short term, before the anticipated formal opening of discovery after the Court's resolution of pre-discovery matters.[4]

Fourth, the Status Report should identify which counsel will be present at the Conference and on whose behalf they will appear. In particular, the Status Report shall contain an Appendix indicating expected attendees, and on which party or parties' behalf each individual will be attending. To ensure that there is adequate space in the courtroom, the Court will institute a limit of two lawyers (or one lawyer and one paraprofessional or client representative) per Claim, and a limit of two lawyers (or one lawyer and one paraprofessional or client representative) per

---

[4] The Court recognizes that the parties have engaged in informal discovery, (*see* ECF No. 79), and the Court understands that such informal information-sharing and investigation may continue before Court-authorized discovery formally commences.

Petitioner.[5] The Status Report should address whether any party requests leave of Court to have more than two representatives in attendance; the Court will consider granting such leave upon a showing of a bona fide need for additional personnel, and subject to physical space constraints. Any *pro se* party may appear in person. To minimize costs and facilitate a manageable conference, the Court encourages parties with similar interests to agree to have a single attending attorney (or team) represent their interests at the Conference. A party will not, by so designating an attorney to represent his/her interests at the Conference, be precluded from other or different representation during the litigation. The Court will arrange for an overflow room for members of the press and the public, to the extent that there is insufficient space for such individuals in the courtroom.

Finally, the parties should also include in the Status Report any issues they wish to raise with the Court—beyond those identified herein—regarding further scheduling of this case, or other matters they believe should be addressed at the Status and Scheduling Conference.

The Status Report shall be filed jointly to the extent possible, and the parties should clearly and briefly note any disagreements. The Status Report will not be binding upon any party, and it will not waive any claims or defenses.

A separate Case Management Order follows.

---

[5] For example: with respect to the Claim filed by the Estate of Carlos Daniel Hernandez Estrella and his survivors, (ECF No. 93), two lawyers (or one lawyer and one paraprofessional or client representative) may attend; with respect to the putative class action filed by R.E. West Inc., E. Marine Motor Yacht Sales Pty Ltd., Captain C Logistics LLC, American Publishing LLC, B&R Construction Services, Inc., International Trading Solutions, Inc., Penn Manufacturing Industries LLC, PMI ENG Exports Private Ltd., and PMI Global Technologies PVT LTD, (ECF No. 222), two lawyers (or one lawyer and one paraprofessional or client representative) may attend. Because there are two Petitioners, a total of four lawyers (or one lawyer and one paraprofessional or client representative per Petitioner) will be permitted to attend.

DATED this 27 day of September, 2024.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
United States District Judge
